UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANET PRUTER, et al.,

    Plaintiffs,

-against-

LOCAL 210, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, et al.,

    Defendants.



15-CV-1153 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    This is an ERISA action, filed more than five years ago, in which defendants' summary judgment motion has been denied (Dkt. No. 85), trial has been scheduled (Dkt. Nos. 86, 98), and the district judge has re-referred the case to me for damages discovery and settlement. (Dkt. No. 90.) On March 17, 2020, I scheduled a settlement conference for May 14, 2020, followed by a status conference for May 27, 2020 (in the event the case had not been settled by then), to discuss "the completion of all damages-related discovery." *See* Order Scheduling Settlement Conference (Settlement Conference Scheduling Order) (Dkt. No. 91); Order Scheduling Status Conference (Dkt. No. 92).

    On May 11, 2020, I adjourned the settlement conference to June 3, 2020. *See* Order Rescheduling Settlement Conference (Rescheduling Order) (Dkt. No. 101). I did so because the parties failed to comply with numerous provisions of the Settlement Conference Scheduling Order, including the requirements that they conduct a good-faith settlement discussion among themselves, that they exchange good-faith settlement demands and offers, and that each party submit a confidential settlement letter one week prior to the conference, together with a (non-confidential) acknowledgment form confirming that the parties would attend (by telephone) and participate in the conference. *See* Rescheduling Order at 1; Sett. Conf. Scheduling Order ¶¶ 2-5. As described in the Rescheduling Order (at 1), plaintiffs failed to make any pre-conference settlement demand (explaining to defendant that they were awaiting the production of damages-related discovery), and likewise failed to submit any confidential settlement letter or acknowledgement form.

    On May 14, 2020, the Court received, by email, a confidential settlement letter from plaintiffs' counsel. It is apparent from the face of the letter that plaintiffs have still not complied with the requirements of the Settlement Conference Scheduling Order, as reaffirmed in the Rescheduling Order. Among other things, the parties have not yet conducted a good-faith settlement discussion and that plaintiffs have not yet conveyed any good-faith settlement demand to defendants, because – they say – they have been unable to obtain the necessary records to calculate their damages from Local 210's pension trust fund (the Fund), which is no longer a party in this action. Plaintiffs offer, instead, to "begin a discussion" of settlement on June 3, 2020.

That is not the purpose of the June 3 conference. *See* Sett. Conf. Sched. Order ¶ 2 ("The purpose of a Court- facilitated settlement conference is to settle the case – not simply to begin a settlement dialog."). Consequently, it is hereby ORDERED that the parties shall appear (telephonically) for the previously scheduled status conference on **May 27, 2020**. If and to the extent plaintiffs require judicial assistance in obtaining damages discovery (from the Fund or elsewhere) for settlement purposes, they shall request the necessary relief by letter-motion, no later than **May 21, 2020**, in compliance with Local Civil Rule 37.2 and ¶¶ 1(b), 1(d), and 2(b) of this Court's Individual Practices. Opposition letter-briefs, if any, shall be submitted no later than **May 26, 2020.**

Dated: New York, New York
       May 15, 2020

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**