UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JANET PRUTER, et al.,

                    Plaintiffs,

-against-

LOCAL 210, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,

                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/2020

15 Civ. 1153 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs, former employees of World Airways, Inc., bring this action against Defendant, Local 210, International Brotherhood of Teamsters ("Local 210"), claiming that Defendant violated its duty of fair representation under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 et seq., by failing to fulfill its promise to fund a part of Plaintiffs' pensions. *Pruter v. Local 210, Int'l Bhd. of Teamsters*, No. 15 Civ. 1153, 2020 WL 777333, at *1 (S.D.N.Y. Feb. 18, 2020). Defendant now brings a motion *in limine* to preclude Plaintiffs from calling certain witnesses at trial. Def. Mot., ECF No. 125. For the reasons stated below, Defendant's motion is GRANTED.

## BACKGROUND

    Plaintiffs originally brought suit in 2015, alleging claims under the Employment Retirement Income Security Act of 1974 and state law. ECF No. 1. During the course of the case, the issues were narrowed to a claim of breach of duty of fair representation under the RLA. *Pruter*, 2020 WL 777333, at *3. During fact discovery, in order to limit depositions, the parties stipulated that Plaintiffs' counsel would select three Plaintiffs whom Defendant would depose, and whose testimony would bind each Plaintiff "concerning [D]efendant's potential liability on the claims set forth in the First Amended Complaint." ECF No. 51 at 1; *see also* ECF No. 59 at 1. Plaintiffs designated three Plaintiffs, and Defendant deposed them. *See* ECF Nos. 62–63.

On February 18, 2020, this Court denied Defendant's motion for summary judgment. *Pruter*, 2020 WL 777333, at *9. On September 25, 2020, Defendant filed its first motion *in limine*. Def. Mot.

## ANALYSIS

Defendant's motion *in limine* seeks to preclude Plaintiffs, in support of their case on liability, from calling as witnesses at trial more Plaintiffs than the three Defendant deposed. Def. Mot. at 3.

The stipulation at issue was memorialized in Defendant's letter to the Court dated October 19, 2018 (the "Stipulation"). The relevant language states:

> In order to streamline discovery, counsel for the parties have agreed and stipulated that [P]laintiffs' counsel will select three individual plaintiffs whose testimony would bind the entire group concerning Local 210's potential liability on the claims set forth in the first amended complaint.

ECF No. 59 at 1; *see also* Pl. Opp'n to Mot. for Summ. J. at 2, ECF No. 83. ("[T]he parties agreed that those deposed were representative plaintiffs (see letter to Court dated October 19, 2018, Docket No. 59).").

Plaintiffs argue first, that the Stipulation does not bind them regarding witnesses at trial; and second, that although the Stipulation limits the number of Plaintiffs they can call as witnesses with respect to events that occurred in 1996, they are not precluded from calling more witnesses to speak to post-1996 events regarding liability. Pl. Resp. at 1, ECF No. 126.

The Court concludes that the Stipulation prohibits Plaintiffs, in support of their case on liability, from calling more Plaintiffs as witnesses at trial than the three already deposed, including with respect to events that occurred after 1996. Although the Stipulation does not mention witnesses at trial, the function of discovery is to determine what evidence exists going into a trial. *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) ("The

purpose of [discovery] rules is to avoid 'surprise' or 'trial by ambush.'").  It defies common sense to limit the parties' opportunity to gather evidence before trial, only to do away with that limitation at trial and thus open them up to surprise evidence.

Moreover, the Stipulation refers to "potential liability on the claims set forth in the first amended complaint."  ECF No. 59 at 1.  That liability is not limited to the events of 1996; it covers the entirety of liability arising from the claims in the first amended complaint.  Plaintiffs, therefore, cannot call additional Plaintiffs as witnesses at trial to speak to liability after the events of 1996.

The parties submitted additional letters after the close of briefing on this motion.  *See* ECF Nos. 128–129; 132–133.  This order makes no ruling on the issue of whether the events after 1996 give rise to liability.  In addition, the Court does not opine on the proper measure of damages, or the ability of the Plaintiffs to call additional Plaintiffs as witnesses on the issue of damages.

## CONCLUSION

For the foregoing reasons, Defendant's motion *in limine* is GRANTED.  At trial, on the issue of liability, including with respect to events occurring after 1996, Plaintiffs are barred from calling as witnesses more Plaintiffs than the three already deposed.

The Clerk of Court is directed to terminate the motion at ECF No. 125.

SO ORDERED.

Dated: November 16, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge